UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Electrical Workers Health and Welfare Fund, Electrical Workers Pension Fund, National Electrical Benefit Fund, Electrical Workers Vacation Fund, Twin Ports-Arrowhead Electrical Apprenticeship and Training Fund, National Electrical Industry Fund, and NECA-IBEW National Labor-Management Cooperation Fund,

Plaintiffs,

vs.

ORDER
and
FINDINGS AND RECOMMENDATION

Ronald Foss and Joyce Foss, d/b/a Foss Electric,

Defendants.

Civ. No. 01-812 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 27th day of September, 2001

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiffs' Motion for Default Judgment.

A Hearing on the Motion was conducted on September 27, 2001, at which time the Plaintiffs appeared by Aaron R. Bransky, Esq., and no appearance was made by, or on behalf of, the Defendants.

FILED SEP 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

For reasons which follow, we recommend that a Judgment of Default be entered against the Defendants, and we order the Defendants to produce the requisite financial information, so as to allow the Plaintiffs to prove the Defendant's deficiencies.

II. Findings of Fact

1. This is an action to enforce an employer's obligation to make contributions to a multi-employer benefit plan under the terms of a Collective Bargaining Agreement, and for potential liquidated damages, together with injunctive relief, and an award of interest, reasonable attorneys' fees, and the costs of this action.

2. The Court has jurisdiction over this action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), Title 29 U.S.C. §§1132 and 1145, under Section 301 of the Labor Management Relations Act, Title 29 U.S.C. §185(a), and under Title 28 U.S.C. §1331. As provided in Title 29 U.S.C. §1132 (e)(2), venue is proper within this District.

3. The Plaintiffs are fiduciaries of multi-employer Benefit Plans (the "Plans") as defined by Title 29 U.S.C. §1002 (37).

4. At all relevant times, the Defendants have been parties to a Collective Bargaining Agreement, which sets the terms and conditions of employment, including an obligation to make monetary contributions to the Plaintiffs, for the benefit of its employees, who are covered by the Plans.

5. Pursuant to the provisions of the Collective Bargaining Agreement, the Defendants are to submit to the Plaintiffs monthly benefit calculation forms, and corresponding benefit contribution payments.

6. By the provisions of the Collective Bargaining Agreement, the Defendants agreed to be bound by, and to make contributions on behalf of the covered employees, in conformity with the Agreement.

7. The Plaintiffs have complied with all conditions precedent, which would entitle them to the Defendants' performance under the Collective Bargaining Agreement.

8. In accordance with the provisions of the Collective Bargaining Agreement, the Plaintiffs are entitled to demand the production of all of the Defendants' payroll records, in order that any delinquent contributions to the Fund, that may be due and owing by the Defendants, can be determined by the Plaintiffs.

9. The Defendants have failed to submit to the Plaintiffs all of the pertinent benefit contribution forms, and the total benefit contribution payments, which are due and owing. The Defendants did submit reports and contributions to the Plaintiff for the month of July of 2001, however, at the Hearing, the Plaintiffs disputed the accuracy of these reports, and the Defendants have failed to make the requisite disclosures, and financial contribu-

tions for the period from January to June of 2001, and for August of 2001.

10. By the evidence adduced at the Hearing in this matter, the Court is currently unable to determine the full extent to which the Defendants are delinquent in its contributions to the Funds.

11. Following the filing of this action, a Summons and Complaint were duly served upon the Defendants on May 22, 2001. Since that date, the Defendants have not, in writing,[1] answered or otherwise responded to the Complaint, nor have the Defendants made any appearance in this action.

12. A copy of the Plaintiffs' Notice of Motion and Motion -- and necessary amendments to the same -- its Memorandum of Law in support of the Motion for a Default Judgment, its Proposed Order, and an accompanying Affidavit, were duly served upon the Defendants on June 29, 2001, and on subsequent dates so as to conform with the amended Notices. The Defendants have not responded to the Motion and, as noted, the Defendants made no appearance at the time of the Hearing on the Motion.

---

[1]At the Hearing, the Plaintiffs reported that, on one occasion, the Defendant Joyce Foss had contacted the Plaintiffs via telephone. However, the Defendants have never, in writing, responded to the Complaint in this matter, nor have they requested any extension of the time in which they could respond to the Complaint.

13. The Defendants are in default, and they have made no showing that a Default Judgment should not be entered as prayed for by the Plaintiffs. The Defendants are not infants, incompetent persons, nor are the Defendants presently in the military service. See, Rule 55(b)(2), Federal Rules of Civil Procedure.

III. Conclusions of Law

1. The Court has jurisdiction over this action under Sections 502 and 515 of ERISA, Title 29 U.S.C. §§1132 and 1145, under Section 301 of the Labor Management Relations Act, Title 29 U.S.C. §185(a), and under Title 28 U.S.C. §1331.

2. The Court has personal jurisdiction over all of the parties to this action, and venue within this Division of the District of Minnesota is proper. Title 29 U.S.C. §1132(e)(2); Title 28 U.S.C. §103(5).

3. The Defendants have failed to plead, or to otherwise defend, and that fact has been substantiated by competent evidence, including a competent affidavit. As a result, the Plaintiffs are entitled to the entry of a Default Judgment against the Defendants.

4. The Plaintiffs have filed a Motion for Default Judgment and, accordingly, the Court directs the Clerk of Court to enter default against the Defendants pursuant to Rule 55(a), Federal Rules of Civil Procedure. Henry v. Tri-Services, Inc., 33 F.3d

931, 932 (8th Cir. 1994)(acknowledging that District Court may direct the Clerk of Court to enter default).

5. The Plaintiffs have not provided evidence of the total extent of their entitlement to compensatory damages, to liquidated damages, or to additional contributions from the Defendants, either by way of an Affidavit or Declaration, an Accounting, the testimony of an informed witness, or the deposition of an authorized representative of the Defendants. The Plaintiffs are unable to proffer such evidence owing to the Defendants' default. Nevertheless, in the absence of such an evidentiary showing, we are unable to enter a Final Judgment in this matter.

6. Under Rule 55(b)(2), the Court is authorized to "conduct such hearings or order such references as it deems necessary and proper" in determining the amount of damages to be awarded to the party which seeks a Default Judgment, or to otherwise investigate the propriety of remedial relief. Pursuant to this authority, the Court directs the Defendants to submit to the Plaintiffs, **by no later than 2:30 o'clock p.m., on October 5, 2001,** those employment and payroll records necessary to permit the Plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that may be owing to the Plaintiffs under the terms of the Collective Bargaining Agreement.

7. After having an opportunity to audit the Defendants' books and records, the Plaintiffs shall schedule an Evidentiary Hearing before this Court, at which time they shall offer proof of the amount of the Final Judgment which should be entered on its behalf.

NOW, THEREFORE, It is --

ORDERED:

1. That the Clerk of Court shall enter Default against the Defendants in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.

2. That pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Defendants shall submit to the Plaintiffs, **by no later than 2:30 o'clock p.m., on October 5, 2001,** those employment and payroll records necessary to permit the Plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that are owing to the Plaintiffs under the terms of the Collective Bargaining Agreement.

3. That, having had an opportunity to audit the Defendants' books and records, the Plaintiffs shall schedule an Evidentiary Hearing by contacting the undersigned's scheduling clerk, Victoria L. Miller, 218-529-3520, at which time the Plaintiffs shall offer proof of the amount of the Final Judgment which should be entered on its behalf.

AND, It is --

RECOMMENDED:

That the Plaintiffs' Motion for Default Judgment [Docket No. 3] be granted.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 12, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 12, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28

U.S.C. §636 to review the transcript in order to resolve all of the objections made.

# UNITED STATES DISTRICT COURT

**District of Minnesota**

Electrical Workers Health and Welfare Fund, Electrical Workers Pension Fund, National Electrical Benefit Fund, Electrical Workers Vacation Fund, Twin Ports-Arrowhead Electrical Apprenticeship and Training Fund, National Electrical Industry Fund, and NECA-IBEW National Labor-Management Cooperation Fund,

Plaintiff(s)

-vs-

Civil Action 01cv812

Ronald Foss and Joyce Foss, d/b/a Foss Electric,

Defendant(s).

## CLERK'S ENTRY OF DEFAULT

It appearing that defendant(s) Ronald Foss and Joyce Foss, d/b/a Foss Electric are in default for failure to plead or otherwise defend in this action, as required by law, now, therefore, on application of plaintiff,

**DEFAULT IS HEREBY ENTERED** against

Ronald Foss and Joyce Foss d/b/a Foss Electric

this 27th day of September, 2001.

RICHARD D. SLETTEN, CLERK

By [signature]
JoAnn Hoadley, Deputy Clerk

(15)