UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Electrical Workers Health and Welfare Fund, Electrical Workers Pension Fund, National Electrical Benefit Fund, Electrical Workers Vacation Fund, Twin Ports-Arrowhead Electrical Apprenticeship and Training Fund, National Electrical Industry Fund, and NECA-IBEW National Labor-Management Cooperation Fund,

Plaintiffs,

ORDER

vs.

Ronald Foss and Joyce Foss, d/b/a Foss Electric

Defendants. Civ. No. 01-812 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 15th day of November, 2001.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiffs' Motion for an Order to Show Cause why the Defendants should not be held in contempt of Court. A Default Judgment has been entered, but the amount of the Judgment could not be determined because the Defendants had failed to submit documentation to

FILED NOV 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(19)

the Plaintiffs upon which their deficiency in contributions to the Plaintiffs could be determined.

In order to rectify that failing, by Order dated September 27, 2001, we directed the Defendants to "submit to the Plaintiffs, by no later than 2:30 o'clock p.m., on October 5, 2001, those employment and payroll records necessary to permit the Plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that are owing to the Plaintiffs under the terms of the Collective Bargaining Agreement." Further, we ordered that, upon reviewing those records, the Plaintiffs were to contact the Court's scheduling clerk, in order to schedule an Evidentiary Hearing, at which time, the Plaintiffs might "offer proof of the amount of the Final Judgment which should be entered on its behalf."

The Defendants failed to comply with that Order, and so the Plaintiffs now move the Court for an Order directing the Defendants to Show Cause why they should not be held in Contempt of Court for directly violating an Order of this Court. At the Hearing on the Motion, the Plaintiffs appeared by Aaron R. Bransky, Esq., and no appearance was made by, or on behalf of, the Defendants. The evidence presented at the Hearing demonstrated that, in direct violation of this Court's Order, the Defendants have failed to produce the documents that they were directed to produce to the

Plaintiffs. The Defendants offer no excuse, or justification, for their direct violation of our plain directive.

Given the uncontroverted Record that the Defendants have violated this Court's directive, and that such a violation may subject the Plaintiffs to irreparable harm, we now direct the Defendants to appear before this Court, on **November 29, 2001, at 1:30 o'clock p.m., in Courtroom No. 3, in the United States Courthouse in Duluth, Minnesota,** to Show Cause why they should not be certified to the District Court as being in Contempt of Court, and subject to appropriate sanction. The Court will tolerate no further disregard, by the Defendants, to the Court's Orders.

NOW THEREFORE, It is --

ORDERED:

That the Defendants are commanded to appear before this Court, **on November 29, 2001 at 1:30 o'clock p.m., in Courtroom No. 3, in the United States Courthouse in Duluth, Minnesota,** to Show Cause why the Defendant should not be certified to the District Court as being in Contempt of Court.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE