UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Electrical Workers Health and Welfare Fund, Electrical Workers Pension Fund, National Electrical Benefit Fund, Electrical Workers Vacation Fund, Twin Ports-Arrowhead Electrical Apprenticeship and Training Fund, National Electrical Industry Fund, and NECA-IBEW National Labor-Management Cooperation Fund,

Plaintiffs,

vs. REPORT AND RECOMMENDATION

Ronald Foss and Joyce Foss, d/b/a Foss Electric,

Defendants. Civ. No. 01-812 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 30th day of November, 2001.

* * *

By Order dated November 15, 2001, the Court directed the Defendants Ronald and Joyce Foss, d/b/a/ Foss Electric, to appear at a Hearing scheduled for November 29, 2001, in order to Show Cause why they should not be held in Contempt of Court for an intentional violation of a directive of this Court, that was issued in our Order of September 27, 2001.[1] At the time of the scheduled

---

[1]Pursuant to Title 28 U.S.C. §636(e)(6)(B)(iii), we hereby (continued...)

FILED NOV 3 0 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK mjb

Hearing, the Defendant Joyce Foss appeared personally, and by Robin C. Merritt, Esq., who also appeared on behalf of the other Defendants, and the Plaintiffs appeared by Aaron R. Bransky, Esq.[2]

The Defendants, who had obtained counsel on the day of the Hearing, did not dispute that they had failed to comply with this Court's previous Order, and advanced only the reason that they had failed to appreciate the import of the Court's directive that they produce specific information to the Plaintiffs. The Defendants did represent, and the Plaintiffs confirmed, that they had rectified their previous contumacy by now having provided both the requested reports, and certain of the past-due contributions, to the Plaintiff Funds. Further, the Defendants admit the imprudence of their failure to comply with the prior directives of the Court and, accordingly, we recommend only a modest sanction for their acts of Contempt, but we reiterate our cautionary to the Defendants, that, had they failed to appear at the Order to Show Cause Hearing, the

[1](...continued)
certify the facts detailed in the text of this Report and Recommendation as constituting a Civil Contempt which warrants the sanction we herein recommend.

[2]The remaining portions of this Court's Order and Report and Recommendation of September 27, 2001, remain in full force and effect. The Plaintiffs are reminded that, in the absence of an accord with the Defendants as to the amount of damages the Plaintiffs have incurred, they are to schedule a further Hearing before this Court.

Court would have been obliged to render far graver recommendations as would be warranted by a more grievous insult to the integrity of the Court.

As we related at the time of the Hearing, while the Defendants appear to be remedying their prior Contempt, in order to gain the full attention of the Defendants, and their belated compliance with our prior directives, we were forced to expend the resources of the Federal Government; namely, those of the United States Marshal's Service, whom we employed to personally serve our Order of November 15, 2001, upon the Defendants. Public funds should not be expended to secure the compliance of a party who is subject to a lawful directive of a Court of competent jurisdiction. Therefore, we recommend to the District Court, the Honorable Donovan W. Frank presiding, that the Defendants be directed to reimburse the United States Marshals Service in the amount of Five Hundred Twenty-Five Dollars and Seventy-Five Cents ($525.75), which is the amount expended in effecting service upon the Defendants, for the Contempt they have shown to an Order of this Court. See, attached Memorandum of United States Marshals Service. But for their contumacy to a lawful Order of the Court, such an expenditure would not have had to have been incurred. Absent an appeal from this Recommendation, the Defendants are directed to remit the referenced amount to the Clerk of Court, 417 United States Courthouse, 515

West First Street, Duluth, Minnesota 55802-1397, by no later than fifteen days after the date of this Order.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Defendants be ordered to remit the sum of Five Hundred Twenty-Five Dollars and Seventy-Five Cents ($525.75), to the Clerk of Court, 417 United States Courthouse, 515 West First Street, Duluth, Minnesota 55802-1397, as a sanction for their Contempt toward a lawful Order of this Court.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 17, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 17, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.

**United States Marshals Service**
**District of Minnesota**

# *Memorandum*

**Date:** November 29, 2001

**Reply to:** Jill Rygwall
Seizure and Forfeiture Specialist

**Re:** Fees and Mileage for 01-812
Service on Ronald Foss and Joyce Foss d/b/a Foss Electric

= = = = = = = = = = = = = = = = = =

On November 27, 2001 DUSM Larson served a court order upon Ronald Foss and Joyce Foss d/b/a Foss Electric, Case No. 01-812. In the course of serving this process, the U.S. Marshals Service incurred a total of $525.75 in expenses. A total of 9 hours was expended at $45.00 an hour (9 x $45.00 = $405.00). Also, 350 miles were traveled at 34.5 cents a mile (350 x .345 = $120.75).